## UNITED STATE DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| Mariana Davalos, Cielo Jean Gibson, Eva Pepaj, Lucy Pinder, Jessica Rockwell, Claudia Sampedro, and Jennifer Zharinova, | **Case No.** 1:20-cv-67-GNS |
| Plaintiffs, | **Judge** |
| v. | **COMPLAINT AND JURY DEMAND** |
| D and R Entertainment, Inc. doing business as Top Hat Cabaret, | |
| Defendant. | |

Plaintiffs Mariana Davalos, Cielo Jean Gibson, Eva Pepaj, Lucy Pinder, Jessica Rockwell, Claudia Sampedro, and Jennifer Zharinova (collectively, "Plaintiffs"), by and through their undersigned attorneys, for their Complaint, set forth and allege against D and R Entertainment, Inc. ("Defendant") doing business as Top Hat Cabaret, as set forth below:

## I.    INTRODUCTION

1.    This case is about a strip club's unauthorized use of several professional models' images and likenesses on social media to promote the strip club's business interests in violation of the models' rights under federal and state law and for which the models are entitled to damages and injunctive relief.

2.    Defendant ran advertisements for Defendant's strip club on Defendant's Facebook page.

3.    Defendant's advertisements featured Plaintiffs' images.

4.    Defendant had no authorization, consent, permission, or legal authority to use, alter, or otherwise incorporate images of Plaintiffs into Defendant's advertisements for Defendant's strip club but did so anyway.

5.      Plaintiffs would not choose to advertise or promote Defendant's strip club at all, as being affiliated with Defendant's strip club can harm Plaintiffs' reputations and brands and make it more difficult for Plaintiffs to obtain future work of their choosing.

6.      Even if Plaintiffs had been willing to allow their images to be used by Defendant – which they were not – Plaintiffs would have been rightfully entitled to payment for Defendant's commercial use of their images.

7.      Defendant has not paid Plaintiffs anything despite using Plaintiffs' images in Defendant's advertisements.

8.      Defendant's wrongful conduct, as further described and explained below, violates Plaintiffs' rights under the federal Lanham Act, 15 U.S.C. § 1125(a), under Kentucky's statutory protection of the right of publicity, Ky. Rev. Stat. § 391.170, and under Kentucky common law with respect to the right of publicity, the right of privacy, negligence, unjust enrichment, and unfair competition, entitling Plaintiffs to an award of damages, injunctive relief, and all such other relief as is just and proper as requested herein.

## II.      PARTIES

### A.      Plaintiffs

9.      Plaintiff Mariana Davalos is a professional model and is a resident of the Republic of Colombia.

10.      Plaintiff Cielo Jean Gibson is a professional model and is a resident of California.

11.      Plaintiff Eva Pepaj is a professional model and is a resident of California.

12.      Plaintiff Lucy Pinder is a professional model and is a resident of the United Kingdom of Great Britain and Northern Ireland.

13.      Plaintiff Jessica Rockwell is a professional model and is a resident of California.

14.     Plaintiff Claudia Sampedro is a professional model and is a resident of Florida.

15.     Plaintiff Jennifer Zharinova is a professional model and is a resident of California.

**B.      Defendant**

16.     D and R Entertainment, Inc. ("Defendant") is a corporation organized and existing under the laws of the Commonwealth of Kentucky with a principal office address of 626 Loving Way, Bowling Green, Kentucky 42104.

17.     Defendant's registered agent is Janyce Brown, 626 Loving Way, Bowling Green, Kentucky 42104.

18.     Defendant is now, and at all times mentioned herein was, the operator of Top Hat Cabaret, also known as Top Hat Cabaret, Gentlemen's Club, Top Hat Bar, or Top Hat (the "Club"), which is a strip club, located at 2545 Louisville Road, Bowling Green, Kentucky 42101.

### III.      JURISDICTION AND VENUE

19.     This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege violations of the federal Lanham Act, 15 U.S.C. § 1125, et seq.

20.     In the alternative, and only if federal question jurisdiction becomes inapplicable in this action, this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiffs, citizens of California, Florida, Colombia, and the United Kingdom, and Defendant, a citizen of Kentucky, and the amount in controversy between each Plaintiff and Defendant exclusive of interest and costs but inclusive of the value of injunctive relief exceeds the sum or value $75,000.

21.     Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant is located in this judicial district and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

### IV.    FACTUAL ALLEGATIONS

**A.    A Model's Reputation Impacts the Commercial Value of Their Images and Likenesses**

22.     Each Plaintiff is, and at all times mentioned herein was, a professional model who earns a living by commercializing her identity, image, likeness, and advertising ideas for many business endeavors, including the advertisement and promotion of products and services through negotiated, arms-length transactions with reputable commercial brands and companies.

23.     A model's reputation directly impacts the commercial value associated with the use of their image, likeness, or identity to promote a product or service.

24.     As such, a model has the right to control the commercial exploitation of their name, image, likeness, and advertising ideas.

25.     Each Plaintiff expended and continues to expend substantial effort, resources, and time in building and protecting their reputation in the modeling industry.

26.     Each Plaintiff carefully considers the reputation, brand, and type of good or service advertised by any potential client prior to authorizing the use of their image or likeness.

27.     Each Plaintiff's career in modeling and acting has substantial value derived from the goodwill and reputation each has built.

28.     Each Plaintiff commands substantial sums of money for the licensed commercial use of their image and likeness.

29.     Unauthorized use of each Plaintiff's image or likeness can diminish and disparage the goodwill and reputation each Plaintiff has built and the amount of compensation each

Plaintiff can command for the licensed or authorized use of each Plaintiff's image and likeness or for each Plaintiff's advertising ideas containing each Plaintiff's image and likeness.

30.     As such, Plaintiffs must vigorously defend against unauthorized use of their image and likeness by third parties like Defendant that choose to steal Plaintiffs' images for use in Defendant's own advertisements without payment or consent, thereby devaluing, disparaging, defaming, and causing confusion with respect to Plaintiffs' modeling work product.

**B.    Defendant Used Plaintiffs' Images and Likenesses to Promote Defendant's Business Interests**

31.     Defendant owns, operates, and/or controls various social media accounts, including Defendant's Facebook accounts www.facebook.com/TopHatCabaret/ and https://www.facebook.com/Top-Hat-Bar-565543933635584/,through which Defendant promotes, advertises, and markets the Club, solicits customers for the Club, and publishes endorsements of the Club.

32.     Defendant has, and at all times mentioned herein had, control over the contents of its social media accounts relating to the Club.

33.     Defendant is responsible for all content on its social media accounts to the extent published by or on behalf of Defendant.

34.     Defendant misappropriated Plaintiffs' images and likenesses in advertising materials published by Defendant on Defendant's social media in order to market, promote, and advertise the Club without consent, authorization, or legal right.

35.     The list below provides examples of Defendant's unauthorized uses of Plaintiffs' images and likenesses in advertising Club events, promoting the Club, implying endorsement of the Club, or soliciting customers for the Club that have been identified so far on Defendant's social media accounts:

| Plaintiff | Date Posted | Where Posted | Hyperlink |
|---|---|---|---|
| Davalos (center left) | 9/17/2015 | TopHatCabaret Facebook Page | https://www.facebook.com/TopHatCabaret/photos/a.1083281785034378/1156101844419038/ |
| | | | |
| Gibson | 11/13/2015 | TopHatCabaret Facebook Page | https://www.facebook.com/TopHatCabaret/photos/a.1180991315263424/1185045681524654/ |
| Gibson | 11/25/2015 | TopHatCabaret Facebook Page | https://www.facebook.com/TopHatCabaret/photos/a.1180991315263424/1190825287613360/ |
| Gibson | 10/18/2016 | Top-Hat-Bar Facebook Page | https://www.facebook.com/565543933635584/photos/a.565556140301030/565555566967754/ |
| | | | |
| Pepaj (lower left) | 9/17/2015 | TopHatCabaret Facebook Page | https://www.facebook.com/TopHatCabaret/photos/a.1083281785034378/1156101844419038/ |
| | | | |
| Pinder | 12/3/2015 | TopHatCabaret Facebook Page | https://www.facebook.com/TopHatCabaret/photos/a.1180991315263424/1195392247156664/ |
| Pinder | 12/7/2015 | TopHatCabaret Facebook Page | https://www.facebook.com/TopHatCabaret/photos/a.1180991315263424/1197753950253827/ |
| Pinder | 12/15/2015 | TopHatCabaret Facebook Page | https://www.facebook.com/TopHatCabaret/photos/a.1180991315263424/1202744486421440/ |
| Pinder | 12/18/2015 | TopHatCabaret Facebook Page | https://www.facebook.com/TopHatCabaret/photos/a.1180991315263424/1205352329493989/ |
| | | | |
| Rockwell (left) | 10/22/2015 | TopHatCabaret Facebook Page | https://www.facebook.com/TopHatCabaret/photos/a.1083281785034378/1174411752588047 |

| Rockwell (left) | 10/25/2015 | TopHatCabaret Facebook Page | https://www.facebook.com/TopHatCabaret/photos/a.1083281785034378/1175452129150676/ |
|---|---|---|---|
| | | | |
| Sampedro | 7/16/2015 | TopHatCabaret Facebook Page | https://www.facebook.com/TopHatCabaret/photos/a.1083281785034378/1116877901674766/ |
| Sampedro | 8/26/2015 | TopHatCabaret Facebook Page | https://www.facebook.com/TopHatCabaret/photos/a.1083281785034378/1142415915787631/ |
| | | | |
| Zharinova (left) | 8/24/2016 | TopHatCabaret Facebook Page | https://www.facebook.com/TopHatCabaret/photos/a.1082864368409453/1402764639752756/ |
| Zharinova (left) | 8/25/2016 | TopHatCabaret Facebook Page | https://www.facebook.com/TopHatCabaret/photos/a.1082864241742799/1403687259660494/ |

36.    As of the date of the filing of this Complaint, all of the hyperlinks listed above are "live," and if entered into an internet browser while logged in to the relevant social media site (here, Facebook), link to an advertisement for the Club containing an unauthorized use of the image or likeness of one of the Plaintiffs.

37.    In the examples listed above, Plaintiffs are readily identifiable in that persons seeing the advertisements with the naked eye can reasonably determine that the persons depicted are Plaintiffs.

38.    Attached as Exhibit 1, incorporated by reference, are screenshots of the unauthorized uses in the order listed in paragraph 35 above.

39.    Defendant's use of Plaintiffs' images and likenesses was for a commercial purpose and for Defendant's commercial benefit.

40.    Defendant used the advertisements containing Plaintiffs' images to drive traffic to the Club and increase Defendant's revenue.

41.    Defendant's use of the Plaintiffs' images in Defendant's advertisements on Defendant's social media accounts falsely and fraudulently suggests Plaintiffs' sponsorship of, affiliation with, endorsement of, or participation in the Club.

42.    Defendant had and has no right, consent, authority, license, or authorization to use any of Plaintiffs' images in Defendant's commercial advertisements.

43.    Defendant's unauthorized use of Plaintiffs' images and likenesses is knowing, willful, and intentional.

**C.    Defendant's Unauthorized Use of Plaintiffs' Images and Likenesses Harmed and Damaged Plaintiffs**

44.    In prior instances of authorized commercial marketing and use of Plaintiffs' images, likenesses, or identities by third parties, Plaintiffs negotiated and expressly granted authority for such use pursuant to agreed upon terms and conditions and for agreed upon compensation.

45.    Defendant never hired or contracted with any of Plaintiffs to advertise, promote, market, endorse, or participate in the Club.

46.    Defendant never sought Plaintiffs' permission to use any of Plaintiffs' images to advertise and promote the Club, or for any other purpose.

47.    Plaintiffs never gave Defendant permission to use Plaintiffs' images or likenesses, nor did Plaintiffs otherwise authorize, license, assign, or grant Defendant any right to use Plaintiffs' images or likenesses for commercial purposes.

48.    Defendant never compensated Plaintiffs for any use of any of Plaintiffs' images or likenesses.

49.     Indeed, Plaintiffs only learned of Defendant's unauthorized use of their images and likenesses recently.

50.     Defendant's unauthorized use of Plaintiffs' images was and is misleading, confusing, and fraudulent.

51.     Defendant had actual knowledge that they were using Plaintiffs' images without compensation or consent, and thus, Defendant knowingly misappropriated Plaintiffs' images and identities in total disregard of Plaintiffs' rights.

52.     As a direct and proximate result of Defendant's exploitation of Plaintiffs' images and identities, Defendant made profits or gross revenues in an amount to be established at trial.

53.     Plaintiffs have been damaged as a direct and proximate result of Defendant's unauthorized use of Plaintiffs' images and likenesses for commercial purposes, as Plaintiffs have been deprived of the fair market value they could have otherwise received for the commercial use of their images and likenesses if they had been willing to license same to Defendant – which they were not – resulting in damages, the total amount of which will be established by proof at trial.

54.     Plaintiffs have further been damaged as a direct and proximate result of Defendant's unauthorized use, as such use causes Plaintiffs to lose Plaintiffs' exclusive right to control the commercial exploitation of Plaintiffs' images and likenesses, resulting in damages, the total amount of which will be established by proof at trial.

55.     Plaintiffs have further been damaged as a direct and proximate result of Defendant's unauthorized use, as such use is detrimental to the value Plaintiffs could otherwise obtain in commercializing Plaintiffs' images and likenesses, or Plaintiffs' advertising ideas

containing Plaintiffs' images and likenesses, resulting in damages, the total amount of which will be established by proof at trial.

## V.    CLAIMS FOR RELIEF

### COUNT I
### Violations of the Lanham Act, 15 U.S.C. §1125(a) *et seq.* by False Endorsement, Unfair Competition, and/or False Advertising

56.    Plaintiffs re-state and re-allege paragraphs 1 through 55 above and incorporate the same by reference as though fully set forth herein.

57.    Each Plaintiff brings this claim against Defendant.

58.    The Lanham Act, 15 U.S.C. § 1125(a)(1), provides in part:

> Any person who, on or in connection with any goods or services … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
>> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>>
>> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

59.    Based on the facts alleged herein, Defendant is liable to Plaintiffs for false endorsement, unfair competition, and/or false advertising violations of the Lanham Act, 15 U.S.C. § 1125(a)(1).

60.     Plaintiffs, through their careers in modeling, have all attained a degree of fame and celebrity.

61.     Each Plaintiff enjoys a substantial social media following and has appeared in numerous publications, shows, productions, or paid appearances.

62.     Each Plaintiff earns their living by commercializing their identity for use by reputable brands and services through arms-length negotiated transactions.

63.     Each Plaintiff possesses a valid and protectable mark in the form of their persona, image, likeness, and identity.

64.     Each Plaintiff has possessed, maintained, and safeguarded their exclusive right to control the use of their persona, image, likeness, and identity.

65.     Prior to authorizing the use of their image, likeness, or identity, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

66.     Defendant placed Plaintiffs' images and likenesses on or in advertisements promoting the Club without consent, license, authorization, or legal right.

67.     Defendant's unauthorized uses of Plaintiffs' images and likenesses is ongoing and continuing as of the date of the Complaint.

68.     In Defendant's advertisements that contain Plaintiffs' images and likenesses, Plaintiffs are depicted and readily identifiable.

69.     Defendant misappropriated Plaintiffs' images and likenesses in Defendant's advertisements for the Club in order to create the false impression that Plaintiffs are somehow affiliated with, have endorsed, promoted, agreed to advertise, or otherwise participated in the Club.

70.     Defendant never sought Plaintiffs' consent to use Plaintiffs' images or likeness.

71.    Plaintiffs have never been employed by, performed at, danced at, or affiliated themselves in any way with the Club or Defendant.

72.    Plaintiffs would not agree to allow their images or likenesses to be used to promote the Club and would not and do not endorse the Club.

73.    Defendant placed the misappropriated images on the very same marketing channels (including Facebook) used by Plaintiffs to promote themselves.

74.    Defendant's misappropriation of Plaintiffs' images is likely to cause confusion as to Plaintiffs' affiliation with, sponsorship of, endorsement of, agreement to advertise or promote, and/or participation in the Club.

75.    Defendant's misappropriation has caused actual confusion among consumers as to Plaintiffs' affiliation with, endorsement of, agreement to advertise or promote, and/or participation in the Club.

76.    Defendant knew or should have known that they had no right to use Plaintiffs' images or likenesses to promote or advertise the Club.

77.    Defendant knew or should have known that obtaining the right to use Plaintiffs' images and likenesses would have required consent and substantial compensation.

78.    Defendant's unauthorized use of Plaintiffs' images and likenesses, without seeking their consent, constitutes willful and deliberate conduct.

79.    As a direct and proximate result of Defendant's actions as described herein, Defendant created the false impression that Plaintiffs were affiliated with, performed at, endorsed, or otherwise promoted the Club.

80.    As a direct and proximate result of Defendant's actions as described herein, Defendant enjoyed increased revenues and profits.

81.     As a direct and proximate result of Defendant's actions as described herein, Plaintiffs suffered actual damages including but not limited to being deprived of the fair market value Plaintiffs could have otherwise received for the authorized use of their images and likenesses and harm to Plaintiffs' goodwill and reputation, all in an amount to be established at trial.

82.     Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

### COUNT II
### Violations of Ky. Rev. Stat. § 391.170 *et seq.*
### <u>Statutory Violation of Plaintiffs' of Right of Publicity</u>

83.     Plaintiffs re-state and re-allege paragraphs 1 through 55 above and incorporate the same by reference as though fully set forth herein.

84.     Each Plaintiff brings this claim against Defendant.

85.     Kentucky Revised Statutes § 391.170(1) states:

> The General Assembly recognizes that a person has property rights in his name and likeness which are entitled to protection from commercial exploitation. The General Assembly further recognizes that although the traditional right of privacy terminates upon death of the person asserting it, the right of publicity, which is a right of protection from appropriation of some element of an individual's personality for commercial exploitation, does not terminate upon death.

86.     Plaintiffs are living persons.

87.     Plaintiffs' images and likenesses are elements of Plaintiffs' personality.

88.     Plaintiffs' images and likenesses have significant commercial value.

89.     Defendant commercially exploited Plaintiffs' images and likenesses by using Plaintiffs' images and likenesses in advertisements for Defendant's Club posted by Defendant on

Defendant's social media pages so that Defendant could profit from patronage of the Club as described in detail above.

90.    Defendant lacked any authorization, consent, license, or legal right to exploit Plaintiffs' images or likenesses for any commercial purpose or for purposes of trade.

91.    Defendant did not use each Plaintiff's image and likeness in news reporting, commentary, entertainment, works of fiction or nonfiction, or in advertising that is incidental to such uses.

92.    Defendant did not use each Plaintiff's image and likeness primarily for the purpose of communicating information or expressing ideas, but rather used each Plaintiff's image and likeness primarily for the purpose of commercially advertising Defendant's Club.

93.    Defendant invaded Plaintiffs' statutory rights of publicity through the acts set forth above and herein.

94.    As a direct and proximate result of Defendant's actions as described herein, Defendant enjoyed increased revenues and profits.

95.    As a direct and proximate result of Defendant's actions as described herein, Plaintiffs suffered actual damages including but not limited to being deprived of the fair market value of the various unauthorized uses by Defendant of Plaintiffs' images and likenesses and harm to Plaintiffs' goodwill and reputation, all in an amount to be established at trial.

96.    Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

## COUNT III
## Common Law Violation of Plaintiffs' Rights of Publicity

97.     Plaintiffs re-state and re-allege paragraphs 1 through 55 above and incorporate the same by reference as though fully set forth herein.

98.     Each Plaintiff brings this claim against Defendant.

99.     Kentucky recognizes a common law right of publicity whereby Plaintiffs hold the exclusive right to control the commercial value of Plaintiffs' identity.

100.    Plaintiffs' images and likenesses are elements of Plaintiffs' identity.

101.    Plaintiffs' images and likenesses have significant commercial value.

102.    As demonstrated above, Defendant published, posted, displayed, and/or otherwise publicly used Plaintiffs' images, likenesses, and identities on its social media without consent for the purposes of trade and commercial advertising, including, but not limited to, promoting, advertising, marketing, and implying endorsement of Defendant's Club, and their events and activities.

103.    Accordingly, Defendant appropriated for its own use and benefit the reputation, prestige, commercial standing, public interest, and other values of each of the Plaintiffs and of their images, likenesses, and identities without consent.

104.    Plaintiffs' faces and/or bodies are clearly visible and readily identifiable and distinguishable in the Defendant's advertisements.

105.    Plaintiffs never consented to, authorized, licensed, or otherwise permitted Defendant's use of their images, likenesses, or identities for any purpose. Rather, Defendant misappropriated Plaintiffs' images without Plaintiffs' knowledge and without even attempting to acquire Plaintiffs' permission.

106.    Defendant did not use each Plaintiff's image and likeness in news reporting, commentary, entertainment, works of fiction or nonfiction, or in advertising that is incidental to such uses.

107.    Defendant did not use each Plaintiff's image and likeness primarily for the purpose of communicating information or expressing ideas, but rather used each Plaintiff's image and likeness primarily for the purpose of commercially advertising Defendant's Club.

108.    Defendant acted intentionally in using Plaintiffs' images and, knowing it did not have permission to use the images, posted the images to Defendant's social media platforms in an effort to market Defendant's Club and its activities and events without the authorization of Plaintiffs.

109.    In the alternative, at a minimum, Defendant acted with reckless disregard to Plaintiffs' legal rights by expressly permitting, allowing, or condoning the use of Plaintiffs' images on its social media pages for the purpose of marketing, advertising, promoting, and implying endorsement of Defendant, Defendant's Club, and their activities.

110.    Defendant is in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a professional model's image and likeness for Defendant's commercial benefit.

111.    Nonetheless, Defendant circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiffs, the cost of photoshoots, payments to Plaintiffs' agents or agencies, and the cost of licensing, totaling a substantial sum of money and resulting in a windfall for Defendant.

112.   Defendant's unauthorized use and alteration of Plaintiffs' images and likenesses has and will continue to directly and proximately cause irreparable harm and damage to Plaintiffs, their reputations, and their brands by attributing to Plaintiffs an association with, involvement with, or endorsement of Defendant's Club and their disreputable live adult entertainment related activities.

113.   As a direct and proximate result of Defendant's misappropriation of Plaintiffs' images and likenesses, Defendant has damaged Plaintiffs by failing to compensate them for the value of use of their likenesses.

114.   As a direct and proximate result of Defendant's misappropriation of Plaintiffs' images and likenesses, Defendant has earned and withheld profits attributable directly or indirectly to the unlawful use of Plaintiffs' images, entitling Plaintiffs to a disgorgement of those ill-gotten gains.

115.   As alleged in this Complaint, Defendant's actions demonstrate oppression, fraud, gross negligence, and/or malice so as to warrant the imposition of punitive damages.

116.   Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

## COUNT IV
## Common Law Violation of Plaintiffs' Rights of Privacy through Appropriation

117.   Plaintiffs re-state and re-allege paragraphs 1 through 55 above and incorporate the same by reference as though fully set forth herein.

118.   Each Plaintiff brings this claim against Defendant.

119.   The appropriation prong of the Kentucky common law tort of invasion of privacy protects an individual's commercial interests in their identity.

120.    The interests protected by the appropriation prong of the Kentucky common law right of privacy are nearly identical to the protections afforded by the Kentucky common law right of publicity.

121.    The main differences between the appropriation prong of the right of privacy and the right of publicity concern questions of transferability and survivability not at issue in this case as Plaintiffs are living persons and have not transferred the rights they seek to vindicate.

122.    Plaintiffs re-state and re-allege paragraphs 100 through 115 above and incorporate the same by reference as though fully set forth herein.

123.    Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

**COUNT V**
**<u>Negligence</u>**

124.    Plaintiffs re-state and re-allege paragraphs 1 through 55 above and incorporate the same by reference as though fully set forth herein.

125.    Each Plaintiff brings this claim against Defendant.

126.    Defendant had a duty to refrain from appropriating the images of those with whom it had not contracted and had not paid.

127.    As previously described, Defendant unreasonably breached said duty by posting, without consent or authorization, each Plaintiff's image in advertisements on Defendant's social media accounts in order to advertise, promote, and market Defendant, Defendant's Club, and their activities.

128.    Defendant's unauthorized use and alteration of Plaintiffs' images and likenesses has and will continue to directly and proximately cause irreparable harm and damage to

Plaintiffs, their reputations, and their brands by attributing to Plaintiffs their association with, involvement with, or endorsement of disreputable establishments, such as Defendant's Club and their related activities.

129.    As a direct and proximate result of Defendant's misappropriation of Plaintiffs' images and likenesses, Defendant has damaged Plaintiffs by failing to compensate them for the value of use of their likenesses.

130.    As a direct and proximate result of Defendant's misappropriation of Plaintiffs' images and likenesses, Defendant has earned and withheld profits attributable directly or indirectly to the unlawful use of Plaintiffs' images, entitling Plaintiffs to a disgorgement of those ill-gotten gains.

131.    Defendant's conduct as described herein constitutes negligence.

132.    Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

### COUNT VI
### Unjust Enrichment

133.    Plaintiffs re-state and re-allege paragraphs 1 through 55 above and incorporate the same by reference as though fully set forth herein.

134.    Each Plaintiff brings this claim against Defendant.

135.    As previously alleged, Defendant used Plaintiffs' misappropriated images and likenesses to advertise and promote Defendant, Defendant's Club, and their activities, thereby driving customers, business, and revenue to Defendant, Defendant's Club, and their activities. Accordingly, Plaintiffs conferred a benefit on Defendant.

136.    Defendant knew that it benefited from the use of Plaintiffs' images as is evident from the fact that Defendant repeatedly posted Plaintiffs' images to promote and advertise Defendant, Defendant's Club, and their activities.

137.    Nonetheless, although Defendant is in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a professional model's image and likeness for Defendant's commercial benefit, Defendant retained the benefits of using Plaintiffs' images and likenesses without compensating Plaintiffs.

138.    Moreover, Defendant circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiffs, the cost of photoshoots, payments to Plaintiffs' agents or agencies, and the cost of licensing, totaling a substantial sum of money and resulting in a windfall for Defendant.

139.    Defendant's unauthorized use and alteration of Plaintiffs' images and likenesses has and will continue to directly and proximately cause irreparable harm and damage to Plaintiffs, their reputations, and brands by attributing to Plaintiffs their association with, involvement with, or endorsement of disreputable establishments, such as Defendant's Club and their related activities.

140.    As a direct and proximate result of Defendant's actions, Defendant has damaged Plaintiffs by failing to compensate them for the value of each misappropriated use of their likeness.

141.    As a direct and proximate result of the benefit Plaintiffs conferred on Defendant, Defendant has earned and withheld profits attributable directly or indirectly to the unlawful use of Plaintiffs' images, entitling Plaintiffs to a disgorgement of those ill-gotten gains as remuneration.

142.    Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

## COUNT VII
## Unfair Competition

143.    Plaintiffs re-state and re-allege paragraphs 1 through 55 above and incorporate the same by reference as though fully set forth herein.

144.    Each Plaintiff brings this claim against Defendant.

145.    As described above, Defendant engaged in unfair competition in the course of its business by misappropriating Plaintiffs' images and using such images without authorization on its social media platforms in such a way that causes likelihood of confusion or misunderstanding as to Plaintiffs' sponsorship, approval, affiliation, connection, and/or association with Defendant, its Club, and their activities.

146.    Indeed, as described above, Defendant's use of Plaintiffs' images and likenesses represents to the public that Plaintiffs work for, sponsor, approve of, or are affiliated, connected, or otherwise associated with Defendant, Defendant's Club, and their activities.

147.    Defendant's advertisements, promotions, and publications using Plaintiffs' images and likenesses, however, are false, misleading, confusing, and fraudulent. Plaintiffs do not work for and neither sponsor nor approve of Defendant, Defendant's Club, or their activities, nor are Plaintiffs affiliated, connected, or otherwise associated with Defendant, Defendant's Club, or their activities.

148.    Plaintiffs never consented to, authorized, or otherwise permitted Defendant's use of their images, likenesses, or identities for any purpose. Rather, Defendant misappropriated

Plaintiffs' images in a clandestine fashion without Plaintiffs' knowledge and without even attempting to acquire Plaintiffs' permission.

149.    Defendant acted intentionally by selecting Plaintiffs' images and, knowing they did not have permission to use the images, posted the images to Defendant's social media platforms in an effort to market Defendant, Defendant's Club, and their activities.

150.    In the alternative, at a minimum, Defendant acted with reckless disregard to Plaintiffs' legal rights by expressly permitting, allowing, or condoning the use of Plaintiffs' images on its social media platforms for the purpose of marketing and advertising Defendant, Defendant's Club, and their activities.

151.    Defendant is in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a professional model's image and likeness for Defendant's commercial benefit.

152.    Upon information and belief, as a direct and proximate result of Defendant's unfair competition, members of the public were deceived into believing that Plaintiffs worked for, sponsored, approved of, or were affiliated, connected, or otherwise associated with Defendant, Defendant's Club, or their activities, resulting in increased patronage to Defendant's Club or their activities, increased business, and increased profits for Defendant.

153.    Defendant's unfair competition has and will continue to directly and proximately cause irreparable harm and damage to Plaintiffs, their reputations, and brands by attributing to Plaintiffs their association with, involvement with, or endorsement of disreputable establishments, such as Defendant's Club and their related activities.

154.    As a direct and proximate result of Defendant's unfair competition, Defendant has damaged Plaintiffs by failing to compensate them for the value of each misappropriated use of their likeness.

155.    As a direct and proximate result of Defendant's unfair competition, Defendant has earned and withheld profits attributable directly or indirectly to the unlawful use of Plaintiffs' images, entitling Plaintiffs to a disgorgement of those ill-gotten gains.

156.    Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

## VI.    INJUNCTION

157.    Plaintiffs re-state and re-allege paragraphs 1 through 55 above and incorporate the same by reference as though fully set forth herein.

158.    Defendant has misappropriated Plaintiffs' images and likenesses for use in Defendant's marketing, advertisements, and promotions, thereby falsely suggesting or implying, *inter alia*, that (1) Plaintiffs worked at, endorsed, or were otherwise affiliated with Defendant, Defendant's Club, and/or their activities, (2) Plaintiffs consented to or authorized Defendant or Defendant's Club to use their images in order to advertise, promote, and market Defendant, Defendant's Club, and/or their activities, and/or (3) Plaintiffs would participate in or appear at the specific events promoted in Defendant's advertisements and promotions.

159.    As described above, Defendant's actions violate state and federal law and have caused and will continue to cause Plaintiffs substantial and irreparable harm for which there is no adequate remedy at law.

160.    Defendant's violations are ongoing as Plaintiffs' images and likenesses remain posted on Defendant's social media pages as of the date of filing of this Complaint.

161.    Injunctive relief is necessary to prohibit Defendant from continuing to engage in the conduct described in this Complaint.

162.    Plaintiffs therefore seek injunctive relief, requiring Defendant to remove Plaintiffs' misappropriated images from Defendant's social media accounts and enjoining Defendant from using Plaintiffs' images in the future without authorization.

163.    Such injunctive relief will not cause harm to any third parties. Rather, such injunctive relief will benefit third parties and the public, as such relief will aid in mitigating the misleading and confusing effects of Defendant's false advertising.

## VII.    DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendant on each of the claims listed above as follows:

1.    For actual, consequential, and incidental damages in an amount to be proven at trial;

2.    For the amount due, owing, and unpaid to Plaintiffs representing the fair market value for Defendant's unauthorized uses of Plaintiffs' images and likenesses in advertisements for the Club;

3.    For trebling of damages as permitted by law;

4.    For punitive damages in an amount to be proven at trial as permitted by law or equity;

5.    For prejudgment interest in an amount permitted by law;

6.    For disgorgement of Defendant's profits;

7.    For a permanent injunction barring Defendant's unauthorized use of Plaintiffs'

images or likenesses in advertisements or other promotional material for the Club,

including but not limited to an order requiring Defendant to remove all uses of

Plaintiffs' images and likenesses from Defendant's social media accounts,

including Defendant's Facebook account;

8.    For costs of this lawsuit;

9.    For reasonable attorneys' fees; and

10.    For all such other and further relief as to this Court seem just, proper and

equitable.

## VIII.   <u>JURY DEMAND</u>

Plaintiffs hereby demand trial by jury as to all issues so triable in the above matter.


Dated: April 17, 2020                       Respectfully submitted,

                                             /s/ Paul Hershberg
                                            Paul Hershberg
                                            PAUL HERSHBERG LAW, PLLC
                                            1161 East Broadway
                                            Louisville, Kentucky 40204
                                            (502) 736-7502 (direct)
                                            (502) 736-7040 (main)
                                            (502) 736-7510 (fax)
                                            paul@hershberglaw.com
                                            *Attorney for Plaintiffs*

                                             /s/ Edmund S. Aronowitz
                                            Edmund S. Aronowitz
                                            Michigan Bar #: P81474
                                            (*pro hac vice* motion to be filed)
                                            ARONOWITZ LAW FIRM PLLC
                                            2609 Crooks Road #290
                                            Troy, Michigan 48084
                                            Telephone: (248) 716-5421
                                            edmund@aronowitzlawfirm.com
                                            *Attorney for Plaintiffs*